**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 02 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 4:10CR00090 SWW |
| v. | ) | |
| | ) | 18 U.S.C. § 641 |
| JAMES BRUCE MORRIS | ) | 18 U.S.C. § 2 |
| KAREN SUE MORRIS | ) | 42 U.S.C. § 408(a)(4) |
| | ) | 18 U.S.C. § 371 |
| | ) | 20 U.S.C. § 1097(a) |
| | ) | 26 U.S.C. § 7206(1) and (2) |

## SUPERSEDING INDICTMENT

The Grand Jury for the Eastern District of Arkansas charges that:

## COUNT 1
### (Theft of Social Security funds)

From in or about April 2004 through in or about March 2010, in the Eastern District of Arkansas,

**JAMES BRUCE MORRIS**
**and**
**KAREN SUE MORRIS**

knowingly and intentionally stole funds of the United States in excess of $1,000 with the intent to deprive the United States of those funds, that is, JAMES BRUCE MORRIS, aided and abetted by KAREN SUE MORRIS, dishonestly obtained Social Security Disability funds in the name of JAMES BRUCE MORRIS to which he was not entitled.

All in violation of Title 18, United States Code, Section 641 and 2.

## COUNT 2
### (Concealment of a material fact as to Social Security funds)

From at least January 2002 through in or about March 2010, in the Eastern District of Arkansas,

1

**JAMES BRUCE MORRIS**

having knowledge of an event affecting his continued right to receive payment of Social Security

Disability funds, that is, his substantial gainful activity, did knowingly and intentionally conceal and

fail to disclose his substantial gainful activity to the Social Security Administration, with the intent

to fraudulently secure payment of benefits to himself.

All in violation of Title 42, United States Code, Section 408(a)(4).

## COUNT 3
### (Theft of Veteran's Administration funds)

From in or about August 1986 through in or about March 2010, in the Eastern District of

Arkansas,

**JAMES BRUCE MORRIS**

knowingly and intentionally stole funds of the United States in excess of $1,000 with the intent to

deprive the United States of those funds, that is, JAMES BRUCE MORRIS, dishonestly obtained

Veteran's Administration funds to which  he was not entitled.

All in violation of Title 18, United States Code, Section 641.

## COUNT 4
### (Conspiracy to defraud the government)

#### *Introduction*

It is pertinent to this Superseding Indictment that:

### A. *The Department of Education and post-secondary education funding.*

1. The United States Department of Education (DOED) is a department and agency of the

United States of America charged with the responsibility to operate, administer, and regulate various

2

federal student financial assistance programs, including programs offering financial assistance to eligible students pursuing post-secondary education at participating schools.

2. "Title IV funds" refers to federal funds provided or insured pursuant to Title IV of the Higher Education Act of 1965, as amended. "Title IV programs" refers to the student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, as amended.

3. The University of Nevada, Las Vegas (UNLV), located in Las Vegas, Nevada; Mesa State College, located in Grand Junction, Colorado; and Henderson State University, located in Arkadelphia, Arkansas, are post-secondary education institutions, which participate in the Title IV programs administered by DOED.

4. The Federal Pell Grant Program is a Title IV program which provides funding to assist eligible students to meet the costs of a post-secondary education. Eligibility is based primarily on financial need.

5. DOED regulations specify eligibility and application procedures for students applying for Federal Pell Grant funds and other financial assistance. The procedures require the submission of a Free Application for Federal Student Aid (FAFSA). The FAFSA requires disclosure of factors affecting eligibility including but not limited to student income, household size, dependency, parents' marital status, parents' household size, and parents' household income. The FAFSA is processed by the DOED processing center in Iowa City, Iowa and then forwarded to the educational institution designated by the student. The educational institution determines the amount of Federal Pell Grant and other Title IV financial aid the student is eligible to receive.

6. Verification is a process used to ensure that the information submitted on the FAFSA is correct. Verification is done by the educational institution to which the FAFSA is forwarded after

3

initial processing by the DOED processing center. Once an application is selected for verification, Title IV funds will not be awarded until the verification process is complete. The verification process will require the submission of additional documentation to support, among other things, the income claimed on the FAFSA. Income is verified through the applicant's provision of federal income tax returns.

### B. The Internal Revenue Service and pertinent tax provisions.

1. The Internal Revenue Service (IRS) is part of the United States Department of Treasury, a department and agency of the United States of America, charged with the responsibility to ascertain, compute, assess, and collect income taxes.

2. A Form 1040 is an individual income tax return that is filed for a calendar year. There are five filing designations for a Form 1040: married filing jointly; married filing separately, head of household, qualifying widow(er), and single.

3. The head of household (HOH) filing status may be claimed only by a person who has dependents and is either unmarried or married but separated the last six months of the tax year.

4. IRS Form 1120 is a corporate tax return that must be filed by a corporation on an annual basis. Pursuant to a Form 1120, a corporation must report its income and may take its expenses in determining its taxable income. A corporation filing a Form 1120 is liable to pay tax on its net income.

5. IRS Form 1120S is a corporate tax return for certain closely held corporations. Pursuant to Form 1120S, a corporation must report its income and may take its expenses. A corporation that files a Form 1120S has no income tax liability separate from its owner's tax liability, that is, the income or loss on the corporate Form 1120S is passed from the corporate return to the Form 1040

4

for the taxpayer who is the owner of the corporation, and the taxpayer pays the tax through his/her individual return.

6. The *Earned Income Tax Credit (EITC)* is a credit provided to certain low income taxpayers. In some instances, the EITC will exceed the amount of tax owed and result in a refund to the taxpayer. To qualify for the EITC, the taxpayer may not earn more than a certain amount of income. Nevertheless, the EITC increases as a taxpayer's income increases until the income reaches a specified dollar amount, at which point the EITC decreases in increments to zero until the taxpayer's earned income reaches the maximum allowable amount for the credit.

7. A married person cannot qualify for EITC by filing a return under a status of "married filing separately". A married person who files a separate tax return only qualifies for EITC if he/she is separated the last six months of the tax year and files a return as either "single" or "head of household."

### C. The defendants and B. Morris Ltd.

1. JAMES BRUCE MORRIS and KAREN SUE MORRIS are husband and wife. They were married to one another in October 2002.

2. B. Morris Ltd. was incorporated under the laws of the State of Arkansas in 1995 and operated as a business for tax return preparation, accounting, and payroll services. As a tax return preparation business, B. Morris Ltd. maintained an Electronic Filing Identification Number (EFIN) with the IRS.

3. JAMES BRUCE MORRIS was the owner and operator of B. Morris Ltd. He was a public accountant and represented himself to be a tax return preparer. JAMES BRUCE MORRIS derived income from B. Morris Ltd.

5

4. KAREN SUE MORRIS was an employee of B. Morris Ltd, represented herself as a tax return preparer, and maintained a Personal Tax Identification Number (PTIN) with the IRS.

5. During the pertinent time frame for Counts 4-9 of this Superseding Indictment, two daughters of KAREN SUE MORRIS attended college: one attended Mesa State College and then the University of Nevada, Las Vegas (UNLV), and the second attended Henderson State University.

### The Charge

From in or about January 2003 to in or about May 2007, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS
### and
### KAREN SUE MORRIS

conspired with one another to: (1) defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service, Department of the Treasury, in the ascertainment, computation, assessment, and collection of income taxes, and (2) defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government function of the Department of Education in its administration and distribution of Title IV funds, by obtaining such funds through fraud and false statements.

### Means and Manner of the Conspiracy

It was part of this conspiracy that:

1. JAMES BRUCE MORRIS and KAREN SUE MORRIS would, from time to time, file tax returns with the IRS that falsified their marital status, and, from time to time, falsified their taxable income.

6

2. KAREN SUE MORRIS would submit and cause to be submitted FAFSAs and supporting documentation for Title IV funds, which falsely represented her marital status including that she was single or divorced/separated.

3. KAREN SUE MORRIS falsely would omit reference to JAMES BRUCE MORRIS as a member of the household, and falsely would omit any income of JAMES BRUCE MORRIS from the FAFSA and supporting documentation required for determining her daughter(s)' eligibility for Title IV funds.

### *Overt Acts*

In furtherance of the conspiracy, the defendants committed and caused to be committed, the following overt acts, in the Eastern District of Arkansas and elsewhere:

### *The 2003-2004 school year and 2002 tax year.*

1. In or about January of 2003, KAREN SUE MORRIS filed a tax return Form 1040 for calendar year 2002 with the IRS in which she falsely claimed that she was HOH, and falsely claimed an EITC.

2. On or about February 18, 2003, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she falsely represented that she was single, and which omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS.

3. On or about March 20, 2003, in support of the FAFSA, KAREN SUE MORRIS submitted and caused to be submitted to Mesa State College a federal income tax return for 2002 which was false as to her marital status.

7

4. On or about September 20, 2003, JAMES BRUCE MORRIS filed an individual tax return Form 1040 for calendar year 2002 in which he falsely claimed a filing status of "single."

### The 2004-2005 school year and 2003 tax year.

5. On or about January 16, 2004, KAREN SUE MORRIS filed a tax return Form 1040 for calendar year 2003 with the IRS in which she falsely claimed that she was HOH, and falsely claimed an EITC.    The return filed with the IRS showed JAMES BRUCE MORRIS as the paid return preparer.

6. On or about March 14, 2004, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she falsely represented that she was single and which omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS.

7. On or about April 1, 2004, in support of the FAFSA, KAREN SUE MORRIS submitted and caused to be submitted to Mesa State College a federal income tax return for 2003 that showed the same income and filing status as the one she filed with the IRS as referred to in Overt Act 5.

8. On or about August 26, 2004, JAMES BRUCE MORRIS filed a tax return Form 1040 for 2003 with the IRS in which he falsely claimed a filing status of "single."

### The 2005-2006 school year and 2004 tax year.

9. On or about February 20, 2005, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS.

10. On or about March 25, 2005, KAREN SUE MORRIS submitted and caused to be submitted to Mesa State College a federal income tax return Form 1040 for 2004 as if it was the one

8

she had filed with the IRS. In the return submitted to Mesa State College, KAREN SUE MORRIS represented her filing status as "married filing separately," and omitted any reference to JAMES BRUCE MORRIS and his income. The return submitted to Mesa State College was not the actual Form 1040 that KAREN SUE MORRIS had filed and caused to be filed with the IRS.

11. On or about May 2, 2005, JAMES BRUCE MORRIS and KAREN SUE MORRIS filed a joint tax return Form 1040 for calendar year 2004 with the IRS in which they falsely represented their total taxable income was less than it actually was. On or about May 3, 2005, JAMES BRUCE MORRIS filed a Form 1120S corporate tax return for B. Morris Ltd. in which he falsely under-reported the company's gross receipts.

### The 2006-2007 school year and 2005 tax year.

12. With regard to the daughter who attended Henderson State University, on or about January 10, 2006, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which her marital status was left blank.

13. On or about January 12, 2006, KAREN SUE MORRIS amended or caused to be amended the FAFSA referred to in Overt Act 12 to reflect her marital status as "married."

14. On or about January 16, 2006, KAREN SUE MORRIS amended or caused to be amended the FAFSA referred to in Overt Act 13 to reflect her marital status as "divorced/separated." As amended, the FAFSA omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS. On or about March 17, 2006, the FAFSA was again amended, but the marital status of KAREN SUE MORRIS remained "divorced/separated."

9

15. On or about January 17, 2006, KAREN SUE MORRIS filed a tax return Form 1040 for calendar year 2005 with the IRS in which she falsely claimed that she was HOH and falsely claimed an EITC.

16. With regard to the daughter who attended UNLV, on or about January 29, 2006, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she falsely represented her marital status to be "divorced/separated" and which omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS. On or about May 1, 2006, this FAFSA was amended but the marital status of KAREN SUE MORRIS remained "divorced/separated."

17. On or about March 27, 2006, in support of the FAFSA referred to in Overt Acts 12-14, KAREN SUE MORRIS submitted and caused to be submitted to Henderson State University a federal income tax return for 2005, which she had filed with the IRS.

18. From on or about September 26, 2006 through on or about October 11, 2006, JAMES BRUCE MORRIS filed a Form 1120S corporate tax return for B. Morris Ltd and an individual tax return Form 1040 with the IRS for tax year 2005 in which he took deductions to which he was not entitled and misrepresented his taxable income.

19. On or about October 11, 2006, the Form 1040 filed by JAMES BRUCE MORRIS referred to in Overt Act 18 above was filed with a false filing status of "single."

### The 2007-2008 school year and 2006 tax year.

20. With regard to the daughter who attended Henderson State University, on or about May 3, 2007, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she falsely represented that she was "divorced/separated" and which omitted JAMES BRUCE

10

MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS.

21.  With regard to the daughter who attended UNLV, on or about May 3, 2007, KAREN SUE MORRIS submitted and caused to be submitted to DOED a FAFSA in which she falsely represented that she was "divorced/separated" and which omitted JAMES BRUCE MORRIS as a member of the household and omitted any income derived from JAMES BRUCE MORRIS.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 5-9
### (Obtaining Title IV funds by fraud and false statements)

A.  The Grand Jury realleges Paragraphs A, B, and C, and the subparts thereto, and Overt Acts 1-21 of Count 4 of this Superseding Indictment.

B.  As set forth in the chart below, from on or about the dates shown, in the Eastern District of Arkansas and elsewhere,

### KAREN SUE MORRIS
### and
### JAMES BRUCE MORRIS

aiding and abetting one another, knowingly and willfully obtained by fraud and false statements funds exceeding $200 provided under Title 20, United States Code, Subchapter IV, that is, when requesting Title IV funds for the school year identified, for the daughter of KAREN SUE MORRIS attending the identified school, the defendants made the false representations set forth in the referenced overt acts and, including but not limited to:

--falsely omitted JAMES BRUCE MORRIS as a member of the household;

--falsely represented the household income; and/or

11

–falsely represented the marital status and living arrangements of KAREN SUE MORRIS.

| COUNT | DATE | OVERT ACTS | SCHOOL YEAR | SCHOOL |
|:---:|:---:|:---:|:---:|:---:|
| 5 | Feb. 2005 - May 2005 | 9-11 | 2005-2006 | Mesa State College |
| 6 | Jan. 2006 - Oct. 2006 | 12-19 | 2006-2007 | Henderson State University |
| 7 | Jan. 2006 - Oct. 2006 | 12-19 | 2006-2007 | UNLV |
| 8 | May 2007 | 20 | 2007-2008 | Henderson State University |
| 9 | May 2007 | 21 | 2007-2008 | UNLV |

All in violation of Title 20, United States Code, Section 1097(a) and Title 18, United States Code, Section 2.

## Count 10
### (False Tax Return)

A. The Grand Jury realleges Paragraphs B and its subparts, C1-4, and Overt Acts 5 and 8 from Count 4 of the Superseding Indictment.

B. It is pertinent to this Superseding Indictment that:

1. On or about January 16, 2004, KAREN SUE MORRIS filed and caused to be filed a federal income tax Form 1040 for the tax year 2003 in which she falsely claimed a filing status of HOH, and falsely claimed EITC. The return filed with the IRS showed JAMES BRUCE MORRIS as the paid return preparer.

2. On or about August 26, 2004, JAMES BRUCE MORRIS filed an income tax return Form 1040 for tax year 2003 in which he falsely claimed a filing status of "single."

12

C. From on or about January 16, 2004, through on or about August 26, 2004, in the Eastern District of Arkansas and elsewhere,

**JAMES BRUCE MORRIS**
**and**
**KAREN SUE MORRIS**

aiding and abetting one another, knowingly and willfully made and subscribed, and caused to be made and subscribed, a Form 1040 Individual Tax Return which contained a written declaration that it was made under penalties of perjury, that is, the Form 1040 for KAREN SUE MORRIS for tax year 2003 that was false as to a material matter.

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNTS 11-12
### (False Tax Return)

A. The Grand Jury realleges Paragraphs B and its subparts, C1-4, and Overt Act 11 from Count 4 of the Superseding Indictment.

B. It is pertinent to this Superseding Indictment that:

1. For tax year 2004, on or about May 3, 2005, JAMES BRUCE MORRIS filed and caused to be filed a Form 1120S for B. Morris Ltd. in which the gross receipts of B. Morris Ltd. were understated by over $100,000.

2. On or about May 2, 2005, JAMES BRUCE MORRIS and KAREN SUE MORRIS filed and caused to be filed a joint individual tax return Form 1040 for tax year 2004 which carried forward the false income reported on the B. Morris Ltd Form 1120S.

13

C. On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

**JAMES BRUCE MORRIS**
**and**
**KAREN SUE MORRIS**

aiding and abetting one another, knowingly and willfully made and subscribed, and caused to be made and subscribed, the following forms, which contained written declarations that they were made under penalties of perjury and which were false as to a material matter, that is, the Form 1120S for B. Morris Ltd. failed to report the correct gross receipts received by B. Morris Ltd. and accordingly the Form1040 for JAMES BRUCE MORRIS and KAREN SUE MORRIS for tax year 2004 failed to report their correct taxable income:

| COUNT | DATE | FORM | TAXPAYER(S) | TAX YEAR |
|-------|------|------|-------------|----------|
| 11 | May 2005 | 1040 | James and Karen Morris | 2004 |
| 12 | May 2005 | 1120S | B. Morris Ltd. | 2004 |

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

**COUNT 13**
**(False Tax Return)**

A. The Grand Jury realleges Paragraphs B and its subparts, C1-4, and Overt Acts 15 and 19 from Count 4 of the Superseding Indictment.

B. It is pertinent to this Superseding Indictment that:

14

1. On or about January 17, 2006, KAREN SUE MORRIS filed and caused to be filed a federal income tax Form 1040 for the tax year 2005 in which she falsely claimed a filing status of HOH, and falsely claimed EITC.

2. On or about October 11, 2006, JAMES BRUCE MORRIS filed an income tax return Form 1040 for tax year 2005 in which he falsely claimed a filing status of "single."

C. From on or about January 17, 2006, through on or about October 11, 2006, in the Eastern District of Arkansas and elsewhere,

**JAMES BRUCE MORRIS**
**and**
**KAREN SUE MORRIS**

aiding and abetting one another, knowingly and willfully made and subscribed, and caused to be made and subscribed, a Form 1040 Individual Tax Return which contained a written declaration that it was made under penalties of perjury, that is the Form 1040 for KAREN SUE MORRIS for tax year 2005, and which was false as to a material matter.

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

<u>**COUNTS 14-15**</u>
**(False Tax Return)**

A. The Grand Jury realleges Paragraphs B and its subparts, C1-4, and Overt Acts 15 and 19 from Count 4 of the Superseding Indictment.

B. It is pertinent to this Superseding Indictment that:

1. JAMES BRUCE MORRIS owned assets used by B. Morris Ltd and received rent payments from that company for its use of those assets.

15

2. According to the JAMES BRUCE MORRIS Form 1040 Individual Tax Return for the tax year 2005, the rental payments made by B. Morris Ltd to JAMES BRUCE MORRIS were $40,000.

3. On or about September 27, 2006, JAMES BRUCE MORRIS filed and caused to be filed a Form 1120S for B. Morris Ltd for the tax year 2005 in which:

–a rental expense of $50,000 was claimed for the rents paid by B. Morris Ltd to the defendant JAMES BRUCE MORRIS; and

–an expense was taken for $5,000 as if it was the grant of a scholarship through a qualified non-profit organization when, in fact, the funds were provided through B. Morris Ltd to a daughter of KAREN SUE MORRIS for her college and living expenses.

4.      On or about October 11, 2006, JAMES BRUCE MORRIS filed and caused to be filed an individual tax return Form 1040 for tax year 2005 which:

–falsely claimed a cost basis of $218,950 for the sale of assets, that is, land and a building, when, in fact, the basis claimed far exceeded the actual basis and resulted in under-reporting of taxable income by more than $130,000 for tax year 2005;

–carried forward the false amount of taxable income from the Form 1120S filed for B. Morris Ltd for tax year 2005;

–claimed only $40,000 as the rent payments made to him by B. Morris Ltd.

C. On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

**JAMES BRUCE MORRIS**
**and**
**KAREN SUE MORRIS**

16

aiding and abetting one another, knowingly and willfully made and subscribed, and caused to be made and subscribed, a Corporate Tax Return 1120S and an Individual Income Tax Return Form 1040 for JAMES BRUCE MORRIS for tax year 2005, which were made under penalties of perjury and which were false as to material matters, that is, (1) the forms misrepresented Morris's taxable income in that the rental expense from the Form 1120S failed to match the related rental income on the Form 1040; (2) the Form 1120S falsely claimed a scholarship deduction; and (3) the Form 1040 failed to report the correct cost basis for property sold in 2005:

| COUNT | DATE | FORM | TAXPAYER(S) | TAX YEAR |
|-------|------|------|-------------|----------|
| 14 | Oct. 2006 | 1040 | James Morris | 2005 |
| 15 | Sept. 2006 | 1120S | B. Morris Ltd. | 2005 |

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

### COUNTS 16-29
**(Causing another to file a false tax return)**

A.  The Grand Jury realleges Paragraphs B 1-3, 6 and 7, and C 1-4 from Count 4 of this Superseding Indictment.

B.  Each of the individual income tax returns identified in Counts 16-29 of this Superseding Indictment were income tax returns for taxpayers (identified as Txp1-Txp7) who were clients of the tax return preparation service provided by the defendants.

C.  It was part of the falsity of the return set forth in each of Counts 16-29 of the Superseding Indictment that a false income was claimed for the taxpayer thereby increasing the EITC, that is, in each instance, the falsification of the income resulted in the taxpayer receiving a refund larger than that to which the taxpayer was entitled had the true and correct income been reported to the IRS.

17

D.  As set forth in the table below, on or about the identified date, in the Eastern District of Arkansas and elsewhere, the named defendant(s), willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, the defendant(s) counseled, advised, and prepared a tax return for the identified taxpayer that falsely set forth the amount of income received by the taxpayer thereby falsely increasing the EITC for which the taxpayer qualified.

| COUNT | DEFENDANT(S) | TAXPAYER | DATE | TAX YEAR |
|-------|--------------|----------|------|----------|
| 16 | KAREN SUE MORRIS | Txp 1 | Feb. 07 | 2006 |
| 17 | JAMES BRUCE MORRIS | Txp 2 | Jan. 05 | 2004 |
| 18 | JAMES BRUCE MORRIS | Txp 2 | Jan. 07 | 2006 |
| 19 | JAMES BRUCE MORRIS | Txp 3 | Jan. 06 | 2005 |
| 20 | KAREN SUE MORRIS | Txp 3 | Jan. 07 | 2006 |
| 21 | KAREN SUE MORRIS JAMES BRUCE MORRIS | Txp 4 | Feb. 07 | 2004 |
| 22 | KAREN SUE MORRIS JAMES BRUCE MORRIS | Txp 4 | Feb. 07 | 2005 |
| 23 | KAREN SUE MORRIS | Txp 4 | Jan. 07 | 2006 |
| 24 | JAMES BRUCE MORRIS | Txp 5 | Jan. 06 | 2005 |
| 25 | KAREN SUE MORRIS | Txp 5 | Jan. 07 | 2006 |
| 26 | KAREN SUE MORRIS | Txp 6 | Jan. 06 | 2005 |
| 27 | JAMES BRUCE MORRIS | Txp 6 | Jan. 07 | 2006 |
| 28 | KAREN SUE MORRIS | Txp 7 | March 07 | 2006 |
| 29 | KAREN SUE MORRIS | Txp 7 | April 08 | 2007 |

All in violation of Title 26, United States Code, Section 7206(2), and as to Counts 21 and 22, Title 18, United States Code, Section 2.

## COUNTS 30-32
### (Causing another to file a false tax return)

A.  The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.  On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS  counseled, advised, and prepared  tax returns for **Taxpayers 8 and 9** in which he under-reported the income on **Taxpayer 8's** 2005 and 2006 returns and recorded a filing status that was not properly available to **Taxpayers 8 and 9** for their 2006 returns in order to claim an EITC in 2005 and 2006 to which the taxpayers were not entitled.

| COUNT | DATE | TAX YR | TAX FORM | TAXPAYER | FALSE MATTER |
|---|---|---|---|---|---|
| 30 | March 2006 | 2005 | 1040 | Txp 8 | Under-reported Income |
| 31 | Apr. 2007 | 2006 | 1040 | Txp 8 | Under-reported Income<br>False Filing Status |
| 32 | Apr. 2007 | 2006 | 1040 | Txp 9 | False Filing Status |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 33
### (Causing another to file a false tax return)

A. The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.      If a taxpayer owned a closely held corporation that rented assets from the taxpayer, the corporate rent payments could properly be taken as an expense on the corporate return, Form 1120 or Form 1120S. The receipt of those rents must be reported as income on the taxpayer's individual return, Form 1040. From time to time, JAMES BRUCE MORRIS would prepare both the corporate tax return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

C. In or about January of 2007, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS counseled, advised, and prepared a tax return for **Taxpayer 10** in which he falsely failed to report rental income on **Taxpayer 10's** Form 1040 individual return for the tax year 2006.

| COUNT | DATE | TAX YR | TAX FORM | TAXPAYER | FALSE MATTER |
|-------|------|--------|----------|----------|--------------|
| 33 | Jan. 2007 | 2006 | 1040 | Txp10 | Unreported Rental Income |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS 34-36
## (Causing another to file a false tax return)

A. The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.      If a taxpayer owned a closely held corporation that rented assets from the taxpayer, the corporate rent payments could properly be taken as an expense on the corporate return, Form 1120 or Form 1120S.  The receipt of those rents must be reported as income on the taxpayer's individual return, Form 1040.  JAMES BRUCE MORRIS would prepare both the corporate tax return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

C.      From time to time, JAMES BRUCE MORRIS would falsify the amount spent for a deductible item by overstating the actual expense.  In doing so, JAMES BRUCE MORRIS would claim a greater deduction on the taxpayer's return than that to which the taxpayer was entitled.

D.  On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS  counseled, advised, and prepared the following forms: (1) a Form 1040 individual tax return for tax year 2005 for **Taxpayer 11** in which JAMES BRUCE MORRIS falsely under-reported rental income and falsely claimed greater deductions for farm expenses than that to which the taxpayer was entitled; and (2) Forms 1120 for the tax years 2005 and 2006  for **Taxpayer 11's Corporation** in which MORRIS falsely overstated the rental expense deductions to which the corporation was entitled:

21

| COUNT | DATE | TAX YEAR | TAX FORM | TAXPAYER | FALSE MATTER |
|---|---|---|---|---|---|
| 34 | Feb. 2006 | 2005 | 1040 | Txp 11 | Under-reported Rental Income Overstated Deductions |
| 35 | Feb. 2006 | 2005 | 1120 | Txp 11C | Overstated Rental Expense Deduction |
| 36 | Feb. 2007 | 2006 | 1120 | Txp 11C | Overstated Rental Expense Deduction |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 37
### (Causing another to file a false tax return)

A. The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.    If a taxpayer owned a closely held corporation that rented assets from the taxpayer, the corporate rent payments could properly be taken as an expense on the corporate return, Form 1120 or Form 1120S. The receipt of those rents must be reported as income on the taxpayer's individual return, Form 1040. JAMES BRUCE MORRIS would prepare both the corporate tax return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

C.    From time to time, JAMES BRUCE MORRIS would falsify the amount spent for a deductible item by overstating the actual expense. In doing so, JAMES BRUCE MORRIS would claim a greater deduction on the taxpayer's return than that to which the taxpayer was entitled.

D. In or about February of 2007, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal

22

revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS counseled, advised, and prepared the following form: a Form 1120 corporate tax return for **Taxpayer 12's Corporation** for tax year 2006 in which he falsely overstated the rental expense deduction on the Form 1120 and falsely claimed greater deductions for business expenses than that to which the taxpayer was entitled:

| COUNT | DATE | TAX YEAR | TAX FORM | TAXPAYER | FALSE MATTER |
|-------|------|----------|----------|----------|--------------|
| 37 | Feb. 2007 | 2006 | 1120 | Txp 12C | Overstated Rental Expense Deductions Overstated Business Deductions |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS 38-39
### (Causing another to file a false tax return)

A.   The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.   If a taxpayer owned a closely held corporation that rented assets from the taxpayer, the corporate rent payments could properly be taken as an expense on the corporate return, Form 1120 or Form 1120S. The receipt of those rents must be reported as income on the taxpayer's individual return, Form 1040. JAMES BRUCE MORRIS would prepare both the corporate tax return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

C.   On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

23

**JAMES BRUCE MORRIS**

willfully did counsel and advise the preparation and presentation of a tax return under the internal

revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS counseled,

advised, and prepared the following forms:  Forms 1120 corporate tax returns for **Taxpayer 13's**

**Corporation** for tax years 2005 and 2006 in which he falsely overstated the rental expense

deductions on the Forms 1120:

| COUNT | DATE | TAX YEAR | TAX FORM | TAXPAYER | FALSE MATTER |
|-------|------|----------|----------|----------|--------------|
| 38 | Oct. 2006 | 2005 | 1120 | Txp 13C | Overstated Rental Expense Deductions |
| 39 | Sept. 2007 | 2006 | 1120 | Txp 13C | Overstated Rental Expense Deductions |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS 40-42
### (Causing another to file a false tax return)

A.  The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of

this Superseding Indictment.

B.      If a taxpayer owned a closely held corporation that rented assets from the taxpayer,

the corporate rent payments could properly be taken as an expense on the corporate return, Form

1120 or Form 1120S.  The receipt of those rents must be reported as income on the taxpayer's

individual return, Form 1040.  JAMES BRUCE MORRIS would prepare both the corporate tax

return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

24

C.      On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

### JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS counseled, advised, and prepared the following forms: (1) Forms 1120 corporate tax returns for **Taxpayer 14's Corporation** for tax years 2005 and 2006  in which he falsely overstated the rental expense deductions and (2) a Form 1040 individual tax return for **Taxpayer 14** for tax year 2006 in which he falsely failed to report income:

| COUNT | DATE | TAX YEAR | TAX FORM | TAXPAYER | FALSE MATTER |
|-------|------|----------|----------|----------|--------------|
| 40 | March 2006 | 2005 | 1120 | Txp 14C | Overstated Rental Expense Deductions |
| 41 | Feb. 2007 | 2006 | 1120 | Txp 14C | Overstated Rental Expense Deductions |
| 42 | Feb. 2007 | 2006 | 1040 | Txp 14 | Unreported Income |

All in violation of Title 26, United States Code, Section 7206(2).

### COUNTS 43-44
#### (Causing another to file a false tax return)

A. The Grand Jury realleges Paragraphs B and the subparts thereto and C 1-4 of Count 4 of this Superseding Indictment.

B.      If a taxpayer owned a closely held corporation that rented assets from the taxpayer, the corporate rent payments could properly be taken as an expense on the corporate return, Form

1120 or Form 1120S. The receipt of those rents must be reported as income on the taxpayer's individual return, Form 1040. JAMES BRUCE MORRIS would prepare both the corporate tax return (Form 1120 or 1120S) and the individual tax return (Form 1040) for his clients.

      C.     On or about the dates listed in the chart below, in the Eastern District of Arkansas and elsewhere,

## JAMES BRUCE MORRIS

willfully did counsel and advise the preparation and presentation of a tax return under the internal revenue laws that was false as to a material matter, that is, JAMES BRUCE MORRIS counseled, advised, and prepared the following forms: (1) a Form 1040 individual tax return for **Taxpayer 15** for tax year 2005 in which he falsely under-reported rental income and (2) and a Form 1120 corporate tax return for **Taxpayer 15's Corporation** in which he falsely overstated the rental expense deduction:

| COUNT | DATE | TAX YEAR | TAX FORM | TAXPAYER | FALSE MATTER |
|---|---|---|---|---|---|
| **43** | Feb. 2006 | 2005 | 1040 | Txp 15 | Under-reported Rental Income |
| **44** | Feb. 2006 | 2005 | 1120 | Txp 15C | Overstated Rental Expense Deductions |

All in violation of Title 26, United States Code, Section 7206(2).

(END OF TEXT. SIGNATURE PAGE ATTACHED)