UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | NO. 4:10CR00090 SWW |
| | ) | |
| JAMES BRUCE MORRIS and | ) | |
| KAREN SUE MORRIS | ) | |

**MOTION IN LIMINE TO EXCLUDE AND/OR LIMIT THE
TESTIMONY OF DEFENSE'S PROPOSED TAX EXPERT, ED DANIEL**

The United States, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Laura G. Hoey and John Ray White, Assistant United States Attorneys, for its Motion to Exclude and/or Limit the Testimony of Defense's Proposed Tax Expert, Ed Daniel, states:

**A.    Introduction**

On March 22, 2011, defense counsel[1] provided notice of his intent to call Ed Daniel as a potential expert witness in the above-captioned trial stating, "I do not know in what capacity that I might attempt to use Mr. Daniel, and it will probably depend on what type of expert testimony is elicited in your case." To date, neither Mr. Bristow nor Mr. Kissee has provided any additional detail regarding the type of testimony they expect to offer through Mr. Daniel. According to Mr. Daniel's "Professional Profile and Introduction" as provided by defense counsel, Mr. Daniel is a practicing tax and elder law attorney and a Certified Public Accountant.

The United States understands the Court's rulings to date in this case to prohibit the defense from arguing that the Morrises were unfairly selected for prosecution and/or that the

---

[1] Mr. Bristow noticed Mr. Daniel, and by separate letter, Mr. Kissee joined in the notice.

appropriate remedy for the Morrises alleged misconduct was a civil or administrative remedy rather than a criminal prosecution. *See United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980) (placing evidence of alternative civil procedures before the jury is wholly improper). Accordingly, the United States will not re-argue those points herein but reserves the privilege of doing so should the Court reconsider its rulings to date regarding the admissibility of such testimony.

On Thursday, April 14, 2011, the United States called its tax expert, Brian Miller. The United States anticipates that Mr. Miller will be called to testify at various points during the duration of the trial for the same purpose for which he was called on April 14 – to articulate for the jury how the tax returns that form the basis of Counts 10 through 44 are false as to material matters. In anticipation of the defense calling Ed Daniel, the United States now moves to limit the scope of Ed Daniel's testimony to that same topic – to articulate for the jury how the tax returns that form the basis of Counts 10 through 44 are *not* false as to material matters. In making this motion, the United States relies on the following points of law.

**B.    Argument**

    **1.    Proposed tax expert, Ed Daniel, should not be permitted to usurp the role of the Court as finder of the law nor to invite jury nullification.**

        a.    <u>The Court is the proper finder of the law, and experts cannot be called to offer legal opinions.</u>

The district court may properly limit evidence proffered by a defendant where defense counsel attempts to invade the province of the court by questioning a witness about particular legal principles. *See United States v. White*, 671 F.2d 1126, 1130 (8th Cir. 1982) ("it is the role of the court, not the jury, to determine the issues of law"). In criminal tax prosecutions, the Eighth

Circuit has recognized that it inappropriate for experts to testify as to an interpretation of the law, *Hawley*, 768 F.2d 249, 251 (8th Cir. 1985); *see also*, *United States v Brodie*, 858 F.2d 492 (9th Cir. 1988) ("It is well settled that the judge instructs the jury in the law.  Experts 'interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations.")

The jury should not be permitted to hear legal opinions from a tax lawyer in a criminal tax prosecution.  Because the tax provisions at issue in the instant case are matters of law for the Court to decide in fashioning jury instructions, an expert witness should not be able to testify concerning his interpretation of the provisions.  *See also*, *United States v. Howard*, 655 F. Supp. 392, 405-06 (N.D. Ga. 1987) (holding that, in a tax case involving an issue that was not problematic as a matter of law, the district court properly excluded the testimony of the defendant's proffered tax expert).  Similarly, if the defense believed that the false tax return counts were deficient as matters of law, motions to dismiss prior to the start of trial would have been the appropriate course.  Accordingly, Mr. Daniel's testimony should be limited to the substance of the tax returns at issue.

    b. <u>The defense should not be permitted to invite jury nullification through expert testimony.</u>

To permit the defendants, whether through an expert or through cross-examination, to discuss or present evidence of alternative civil tax procedures would be an open invitation to the jury to nullify, a practice which has been repeatedly eschewed in the Eighth Circuit in tax prosecutions.  *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974).  As the Eighth Circuit

Court of Appeals noted: "federal courts have uniformly recognized the right and duty of the judge to instruct the jury in the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983).

### 2. Experts cannot be called in criminal tax prosecutions to testify that the law is confusing nor that a defendant's particular belief is reasonable.

Testimony about the reasonableness of a defendant's belief in a criminal tax prosecution calls for a legal conclusion. "As such, it is inappropriate matter for expert testimony." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999); *Hawley*, 768 F.2d at 251 (the Eighth Circuit holding that an expert was properly prohibited from offering an opinion as to the reasonableness of the defendant's beliefs). The reasonableness of what a defendant claims he believes is irrelevant; the only issue is whether the defendant actually had this belief (thus negating intent). *See Scholl*, 166 F.3d at 973; *see also U.S. v. Ashraf*, 628 F.3d 813 (6th Cir. 2011) (affirming the trial court's exclusion of expert testimony that the defendant's belief was reasonable). The Court in *Scholl* properly excluded expert testimony on the grounds that the expert's personal experience with the tax laws was irrelevant, would be confusing, and the prejudicial effect outweighed the probative value. *See id; see also*, *United States v. Rosales,* 7 Fed. Appx. 766, 2001WL 371920 at *2 (9th Cir. 2001) (unpublished) (holding that the court properly excluded expert testimony where the defense's proposed expert was consulted only for trial and was not involved in the filing of the actual returns at issue and accordingly the expert could not have offered any testimony as to the defendant's actual confusion or good faith).

Defense counsel has suggested that Mr. Morris will testify about his good faith beliefs and has requested a good faith jury instruction.  Defense counsel has made no suggestion that the defendants consulted with Mr. Daniel during the relevant time period in the indictment.  Mr. Daniel should not be permitted to testify regarding the Morrises beliefs or intent, nor should he be permitted to testify regarding what a reasonable tax return preparer would do under similar circumstances.  As the Court knows, this is not a malpractice case; it is a criminal prosecution, and Mr. Daniel's testimony should be limited accordingly.

**C.     Conclusion**

For all of the foregoing reasons, the United States respectfully requests that the Court limit, and exclude where appropriate, the testimony of the defense's proposed tax expert, Ed Daniel.  Since defense counsel has not provided any reports or summaries of Mr. Daniel's anticipated testimony, the United States respectfully requests that defense counsel provide the United States and the Court (outside the presence of the jury) with a summary of the anticipated testimony of Mr. Daniel.

Respectfully submitted,

CHRISTOPHER R. THYER
UNITED STATES ATTORNEY

By:   /s/ Laura G. Hoey
    LAURA G. HOEY
    Assistant U.S. Attorney
    Bar Number 650643
    JOHN RAY WHITE
    Assistant U.S. Attorney
    Bar Number 91003
    Attorneys for United States of America
    United States Attorney's Office

P. O. Box 1229
Little Rock, AR 72203
Telephone: (501) 340-2600
email: Laura.Hoey@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 17th day of April, 2011, a copy of the foregoing was electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Files (CM/ECF) system and/or mailed to those who appear below that are not users on the CM/ECF system:

Mr. Bill W. Bristow
Attorney at Law
216 E. Washington Avenue
Jonesboro, AR  72401

Mr. Larry D. Kissee
Attorney at Law
Kissee Law Firm
P. O. Box 323
Ash Flat, AR  72513

                                                    */s/   Laura G. Hoey*
                                                 Laura G. Hoey
                                      Assistant United States Attorney