IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


UNITED STATES OF AMERICA,     *
                                        *
               Plaintiff,     *
vs.                               *     No. 4:10-cr-00090-SWW-1
                                        *     (No. 4:14-cv-00115-SWW)
                                        *
JAMES BRUCE MORRIS,        *
                                        *
               Defendant.     *


<u>OPINION AND ORDER</u>

Before the Court are two motions–one filed through counsel and one filed pro se–of defendant James Bruce Morris to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [doc.#'s 125, 129]. The government has responded in opposition to Morris's motions and Morris, through counsel and pro se, has replied to the government's response. For the reasons that follow, the Court denies both of Morris's § 2255 motions.[1]

I.

James Morris and his wife, Karen Sue Morris, were charged, either individually or jointly, in a superseding indictment with 44 counts of fraudulent behavior involving theft

---

[1] Because the record conclusively shows that Morris is not entitled to relief, the Court decides these motions without conducting an evidentiary hearing. See *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

of government funds from the Veterans Administration (VA) and Social Security

Administration (SSA), 18 U.S.C. §§ 641, 2; conspiracy to defraud the government, 18

U.S.C. § 371; concealment of a material fact as to SSA funds, 42 U.S.C. § 408(a)(4);

obtaining Title IV funds (*i.e.*, Department of Education (DOED) Pell Grants) by fraud

and false statements, 20 U.S.C. § 1097(a), 18 U.S.C. § 2; filing false tax returns, 26

U.S.C. § 7206(1), 18 U.S.C. § 2; and causing another to file a false tax return, 26 U.S.C. §

7206(2), 18 U.S.C. § 2.  Defendants were tried jointly and convicted by a jury of all 44

counts.[2]  James Morris was sentenced to 48 months imprisonment on each count to run

concurrently, 3 years supervised release, and ordered to pay $3,700 in special penalty

assessments and $688,647.87 in restitution.  Karen Morris was sentenced to 24 months

imprisonment on each count to run concurrently, 3 years supervised release, and ordered

to pay $2,200 in special penalty assessments and $295,397.00 in restitution.

Defendants appealed their convictions and sentences to the United States Court of

Appeals for the Eighth Circuit.[3]  On July 29, 2013, a panel of the Eighth Circuit affirmed

defendants' convictions and sentences.  See *United States v. Morris*, 723 F.3d 934 (8th

Cir. 2013).

---

[2] James Morris was convicted of Counts 1-15, 17-19, 21-22, 24, 27, and 30-44 of the
superseding indictment and Karen Morris was convicted of Counts 1, 4-16, 20-23, 25- 26, and
28-29 of the superseding indictment.

[3] James Morris was represented at trial by attorney Bill W. Bristow and Karen Morris
was represented by attorney Larry D. Kissee.  Following his convictions, James Morris
dispensed with the services of Bristow and retained attorney David O. Bowden to represent him
on appeal.

On August 26, 2013, James Morris, through his appellate counsel, filed a petition for rehearing by the panel, arguing, *inter alia*, that his sentence is unconstitutional under the United States Supreme Court's recent decisions in *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013) (decided June 17, 2013), and *Peugh v. United States*, 569 U.S. —, 133 S.Ct. 2072 (2013) (decided June 10, 2013).[4]  On September 26, 2013, the Eighth Circuit denied Morris's petition for rehearing without comment.  Morris did not file a petition for certiorari with the Supreme Court.

On January 30, 2014, Morris, again through his appellate counsel, filed the § 2255 motion [doc.#125] now before the Court.  Subsequently, on March 21, 2014, Morris filed his pro se § 2255 motion [doc.#129] accompanied by an addendum [doc.#130].[5]

## II.

The Court first addresses Morris's § 2255 motion filed through his appellate counsel.  Morris essentially argues that his sentencing was rendered unconstitutional under *Alleyne* and *Peugh* by the application of judge-found facts in determining his sentence and by failing to determine his offense level using the edition of the Sentencing Guidelines that was most favorable to him as measured at the time of the offense or

---

[4] Appellate counsel stated in his petition that he "has spoken with co-defendant Karen Sue Morris who does not want to pursue this matter any longer."  Appellate counsel further stated that he was working on a Fed.R.App.P. 28(j) letter of supplemental authorities to alert the Eighth Circuit to *Alleyne* and *Peugh* when the Eighth Circuit announced its decision in the Morris' direct appeal.

[5] Karen Morris does not join in either of her husband's § 2255 motions and she has not filed her own § 2255 motion.

sentencing.

In *Alleyne*, the Supreme Court held that the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory sentence.  133 S.Ct. at 2162-63.  In *Peugh*, the Supreme Court held that a violation of the *Ex Post Facto* Clause of the Constitution of the United States occurs "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."  133 S.Ct. at 2078.

## A.

The Court denies Morris's counseled § 2255 motion asserting *Alleyne* and *Peugh* claims as Morris raised those claims in a petition for rehearing following the Eighth Circuit's opinion on his direct appeal and that petition was denied by the Eighth Circuit. The mandate issued in Morris's direct appeal one week later.  By denying Morris's petition for rehearing, the Eighth Circuit obviously rejected Morris's *Alleyne* and *Peugh* claims.  It is well settled that claims that were raised and decided on direct appeal cannot be relitigated on a motion pursuant to § 2255.  *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013).  *Cf. Hidalgo v. United States*, 138 Fed.Appx. 290, 293 (11th Cir. 2005) (defendant could not convincingly claim that issue raised in § 2255 motion was not decided on direct appeal where there was also evidence beyond the opinion on direct appeal that issue was decided, namely, a petition for rehearing and suggestion for rehearing *en banc* that focused exclusively on the issue and was denied); *Ramos v. United*

*States*, Nos. EP-10-CV-108-KC, EP-05-CR-856-KC-1, 2012 WL 10921, *31 (W.D. Tex.

Jan. 03, 2012) (section 2255 movant raised issue in a petition for rehearing *en banc*

before the Fifth Circuit, which was denied; district court held that a § 2255 movant cannot

re-litigate issues raised and decided on direct appeal); *Hudson v. United States*, Civ. No.

07-1787 (RHK), Crim No. 03-367 (RHK/AJB), 2011 WL 834015, *4 (D. Minn. March 4,

2011) (issue that defendant raised in a § 2255 motion was considered by district court to

have been decided on direct appeal where, following Eighth Circuit's opinion on direct

appeal, defendant asserted that issue in petitions for rehearing by the panel and rehearing

*en banc*, which were denied; district court noted that the Eighth Circuit "obviously

rejected Defendant's ... arguments, by denying her requests for rehearing.").

B.

Even assuming Morris's *Alleyne* and *Peugh* claims were not decided on direct

appeal and are properly before the Court, those claims fail on the merits.[6]  First, Morris's

argument that the application of judge found facts in determining his sentence rendered

---

[6] Although *Alleyne* and *Peugh* did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, see, *e.g., United States v. Redd*, 735 F.3d 88, 92 (2nd Cir. 2013) (*Alleyne* did not announce a new rule of law made retroactive on collateral review); *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013) (*Peugh* did not apply retroactively to movant's § 2255 motion), both *Alleyne* and *Peugh* were decided more than a month prior to the Eighth Circuit announcing its opinion on Morris's direct appeal and a new rule for conducting criminal prosecutions must be applied retroactively to all cases "pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).  A case is "'final'" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6.  As Morris's case was "not yet final" when *Alleyne* and *Peugh* were announced, those decisions apply retroactively to Morris's case (assuming there is no other bar to their consideration).

his sentence unconstitutional under *Alleyne* is misplaced as Morris was not subject to a mandatory minimum sentence and, thus, *Alleyne* is not applicable to his case.  See, *e.g., Romero v. Warden Florence FCI*, 550 Fed.Appx. 72, 74 (3rd Cir. 2014) ("Notably, *Alleyne* involved mandatory statutory minimum sentences, not routine calculations under the Sentencing Guidelines of the kind that Romero has repeatedly sought to challenge.").

Morris's argument under *Peugh* that the Court failed to determine his offense level using the edition of the Sentencing Guidelines that was most favorable to him as measured at the time of the offense or sentencing is likewise without merit.  Morris's Presentence Investigation Report was prepared using the 2010 edition of the Sentencing Guidelines.  Although Morris does not specify which offense of conviction was determined using an edition of the Sentencing Guidelines that allegedly violated the *Ex Post Facto* Clause, Morris has not seriously disputed the government's contention that only Count 3 of the superseding indictment, which alleged that Morris committed theft of VA funds from August 1986 through March 2010, is potentially impacted by *Peugh* and that other than Count 3, no provision of the Sentencing Guidelines has changed to the detriment of the Morris since publication of the 2001 edition of the Sentencing Guidelines.[7]

---

[7] Morris was convicted of having committed crimes during the following years: Count 1–2004-2010 (theft of SSA funds in violation of 18 U.S.C. §§ 641, 2); Count 2 – 2002-2010 (concealment of a material fact as to SSA funds in violation of 42 U.S.C. § 408(a)(4)); Count 3 – 1986-2010 (theft of VA funds in violation of 18 U.S.C. § 641); Count 4 – 2003-2007 (conspiracy to defraud the government (DOED and IRS) in violation of 18 U.S.C. § 371); Counts 5-9 – 2005-2007 (obtaining Title VI funds by fraud and false statements in violation of 20 U.S.C. § 1097(a) and 18 U.S.C. § 2); Count 10 – 2004 (false tax return in violation of 26 U.S.C. § 7206(1)

The Court agrees with the government that the 2010 edition of the Sentencing Guidelines was properly applied to calculate Morris's offense level with respect to Count 3 (and the other Counts as well).  Although Morris began his criminal course of conduct as stated in Count 3 during a time when the base offense level and the loss adjustment were lower, Morris continued the course of conduct in the same way during a time when the higher levels applied.  The Eighth Circuit has noted that "with conspiracy *and other continuing offenses* it is the completion date of the offense that controls the version of the Sentencing Guidelines to be applied."  *United States v. Cooper*, 35 F.3d 1248, 1251 (8th Cir. 1994) (emphasis added), *vacated by* 514 U.S. 1094 (1995), *reinstated by* 63 F.3d 761 (8th Cir. 1995).  See also *United States v. Maggard*, 156 F.3d 843, 849 (8th Cir. 1998) ("'Some offenses ... are 'continuing offenses' for which the completion date controls which version of the Sentencing Guidelines should apply.'") (quoting *United States v.*

---

and 18 U.S.C. § 2); Counts 11-12 – 2005 (false tax return in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2); Count 13 – 2006 (false tax return in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2); Counts 14-15 – 2006 (false tax return in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2); Counts 17-19, 21-22, 24, 27 – 2004-2006 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2) and as to Counts 21 and 22, 18 U.S.C. § 2); Counts 30-32 – 2006-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); Count 33 – 2006-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); Counts 34-36 – 2005-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); Count 37 – 2006-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); Counts 38-39 – 2005-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); Counts 40-42 – 2005-2007 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)); and Counts 43-44 – 2005-2006 (causing another to file a false tax return in violation of 26 U.S.C. § 7206(2)).

*Reetz*, 18 F.3d 595, 598 (8th Cir. 1994)).[8]  In this respect, the Eighth Circuit's ex post facto-Guidelines jurisprudence has recognized "a distinction between the application of a particular version of the Sentencing Guidelines to offense conduct occurring exclusively before the effective date of that version of the Sentencing Guidelines and application to an offense or offenses whose conduct occurs both before and after the version's effective date." *Cooper*, 35 F.3d at 1251.  "The former implicates the ex post facto clause, the latter does not." *Id.*  "Thus, as a general rule, where a defendant's offense conduct straddles an enactment, the enactment can be applied to the defendant without violating the *Ex Post Facto* Clause even when the enactment would result in a harsher sentence." *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002) (citations omitted). Accordingly, application of the 2010 version of the Sentencing Guidelines to Morris's crimes, including theft of VA funds as stated in Count 3 that spanned the years 1986 to 2010, did not violate the *Ex Post Facto* Clause.

III.

The Court now turns to Morris's pro se § 2255 filings.  As an initial matter, the

---

[8] A crime is a continuing offense either when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115 (1970).  Morris's conduct involved the regular, ongoing and active theft of VA funds during the entire period of time alleged and, thus, is properly characterized as a continuing offense.  *Cf. United States v. Smith*, 373 F.3d 561, 564 (4th Cir. 2004) (indictment charging defendant with single count of knowingly embezzling, stealing, purloining, and converting to his own use funds belonging to the SSA in violation of 18 U.S.C. § 641 could be charged as a continuing offense; specific conduct at issue, not reporting mother's death to embezzle government funds, was properly characterized as a continuing offense rather than a series of separate acts).

government objects to the Court's consideration of Morris's pro se filings as he is represented by counsel with respect to the initial § 2255 motion.  Although the government is correct that "[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel," *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994), the Eighth Circuit does not prohibit it as a client often wishes to raise issues that counsel does not and may sometimes look after his interests with more vigor and even effectiveness than his representative.  *United States v. Williams*, 557 F.3d 943, 951 (8th Cir. 2009).  Morris states that his pro se filings are an addendum to the § 2255 motion filed by his appellate counsel and that he felt compelled to submit other claims for relief as appellate counsel is unlikely to raise ineffective assistance claims against himself.

This Court generally does not consider pro se filings from a party represented by counsel.  In this instance, however, the Court will consider Morris's pro se § 2255 filings given that this is a collateral proceeding and Morris raises ineffective assistance claims against his appellate counsel.[9]

Morris's pro se filings are somewhat disjointed but it appears Morris is raising the following issues: (1) his charges should have been dismissed based on the applicable statute of limitations; (2) he should have been faced with civil liabilities regarding the conduct for which he was convicted rather than facing criminal prosecution; and (3) trial

---

[9] In so ruling, the Court is not in any way making a determination that Morris is looking after his interests with more vigor and effectiveness than his appellate counsel.

and appellate counsel were ineffective for (i) failing to move to dismiss the charges against him because they violated the statute of limitations; (ii) not seeking severance of the fraud and tax counts; (iii) failing to investigate and argue the differing standards for assessing disability under the VA and SSA schemes which would have led to him facing civil liabilities regarding the conduct for which he was convicted rather than facing criminal prosecution; (iv) failing to challenge the Court's alleged failure to properly apply the version of the Sentencing Guidelines in effect at the time of his offense; and (v) failing to challenge the Court's alleged failure to distinguish between the loss calculation and restitution amount for purposes of determining his applicable sentencing guideline range.

1.

Turning first to Morris's statute of limitations argument, the Court notes as an initial matter that Morris failed to raise a statute of limitations defense before trial. Because the statute of limitations is an affirmative defense and not jurisdictional, the issue is now waived.  *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002).

Even if not waived, Morris's statute of limitations defense fails on the merits. Morris and his wife were first charged via the original 60-count indictment filed on April 7, 2010, and were charged via the superseding 44-count indictment filed on February 2, 2011.  Noting that there is a five year statute of limitations for the crimes under 18 U.S.C. §§ 371, 641, 20 U.S.C. § 1097(a), and 42 U.S.C. § 408(a)(4), and a six year statute of

limitations for the crimes under 26 U.S.C. § 7206(1) and (2), Morris argues that every

count in the superseding indictment is predicated on acts that occurred outside the

applicable statute of limitations and that the government thus lacked jurisdiction to

criminally prosecute him.

The Court first notes that "a superseding indictment filed while the original

indictment is validly pending relates back to the time of filing of the original indictment if

it does not substantially broaden or amend the original charges."  *United States v. Gomez*,

38 F.3d 1031, 1036 n.8 (8th Cir. 1994) (citations omitted).  Morris does not argue that the

superseding indictment substantially broadened or amended the original charges and the

Court finds that the superseding indictment relates back to the time of filing of the

original indictment.

Counts 1 and 3 of the superseding indictment charge a violation of 18 U.S.C. § 641

that continued until March 2010.  Count 2 of the superseding indictment charges a

violation of 42 U.S.C. § 408(a)(4) that also continued until March 2010.  "Statutes of

limitations normally begin to run when the crime is complete," *Toussie v. United States*,

397 U.S. 112, 115 (1970), and each of the crimes charged in Counts 1-3 of the

superseding indictment involved the regular, ongoing and active theft and concealment of

SSA and VA funds during the entire period of time alleged.  These crimes thus were

continuing offenses (as the Court already noted with respect to Count 3).  *Cf. United

States v. Turner*, No. 4:13-cr-00227-01-BRW, 2014 WL 641768, *1 (E.D. Ark. Feb. 18,

2014) (defendant charged with stealing over $50,000 from SSA from August 2003

through March 2012 in violation of 18 U.S.C. § 641; court found the nature of the alleged offense–stealing SSI benefits by misrepresenting material facts on an application–was a continuing offense and "the statute-of-limitations clock started ticking at the conclusion of the alleged offense–not the commencement of it."); *United States v. Thompkins*, Criminal No. 1:08CR65, 2008 WL 3200629, *1 (N.D.N.C. Aug. 05, 2008) (defendant was charged in a two-count indictment with embezzling Social Security payments made to her deceased mother to which she knew she was not entitled in violation of 18 U.S.C. § 641, and concealing the death of her mother from the SSA in order to continue receiving her mother's Social Security payments in violation of 42 U.S.C. § 408(a)(4); court held that eleven years of concealment and receiving SSA checks was a continuing offense and "prosecution of such offense is not barred by the statute of limitations."). "'[I]n the case of a 'continuing offense,' the crime is not exhausted for purposes of the statute of limitations as long as the proscribed course of conduct continues.'" *United States v. Jacob*, 781 F.2d 643, 648 (8th Cir. 1986) (quoting *Toussie*, 397 U.S. at 124 (White, J., dissenting)).  The completion date of the crimes charged in Counts 1-3 are within the five-year period of limitations of the original and superseding indictment and, therefore, there is no statute of limitations violation with respect to Counts 1-3 of the superseding indictment.

Count 4 of the superseding indictment charges Morris with conspiracy to defraud the government (DOED and the IRS) in violation of 18 U.S.C. § 371.  The superseding indictment alleges that the conspiracy began in 2003 and ended in May 2007.  The ending

date of the conspiracy is within the five-year period of limitations of the original and superseding indictment.  See *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) ("In a conspiracy charge, the limitations period begins to run from the occurrence of the last overt act committed in furtherance of the conspiracy that is set forth in the indictment.").  Therefore, there is no statute of limitations violation with respect to Count 4 of the superseding indictment.

Counts 5-9 of the superseding indictment charge Morris with obtaining Title IV funds by fraud and false statements in violation of 20 U.S.C. § 1097(a) from the following dates: Count 5 – February 2005-May 2005; Count 6 – January 2006-October 2006; Count 7 – January 2006-October 2006; Count 8 – May 2007; and Count 9 – May 2007.  Count 5 charges a violation with a completion date that is within the five-year period of limitations of the original indictment and Counts 6-9 charge violations with completion dates that are within the five-year period of limitations of the original and superseding indictment.  Therefore, there is no statute of limitations violation with respect to Counts 5-9 of the superseding indictment.

Count 10 of the superseding indictment charges a tax violation of 26 U.S.C. § 7206(1) that occurred in August 2004. This date is within the six-year period of limitations applicable to the Title 26 offenses charged in the original indictment. Therefore, there is no statute of limitations violation with respect to Count 10 of the superseding indictment.

Counts 11-15, 17-19, 21-22, 24, 27, and 30-44 of the superseding indictment

charge tax violations of 26 U.S.C. § 7206(1) and (2).  Count 17 charges a violation that occurred in January 2005, which is within the six-year period of limitations of the original indictment, and Counts 11-15, 18-19, 21-22, 24, 27, and 30-44 charge violations that occurred no earlier than May 2005, which is within the six-year period of limitations of the original and superseding indictment.  Therefore, there is no statute of limitations violation with respect to Counts 11-15, 17-19, 21-22, 24, 27, and 30-44 of the superseding indictment.

2.

Morris next argues that he should have been faced with civil liabilities regarding the conduct for which he was convicted rather than facing criminal prosecution.[10]  Morris appears to be invoking the "primary jurisdiction" doctrine, which "'is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency.  It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling.'"  *United States v. Rice*, 605 F.3d 473, 475 (8th Cir. 2010) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993)).  "The doctrine 'is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.'"  *Id.* (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956)).  "Primary jurisdiction 'promotes uniformity,

---

[10] Morris apparently raised this issue on direct appeal but did not brief it and the Eighth Circuit considered the issue abandoned.  See *Morris*, 723 F.3d at 942 n.4.

consistency, and the optimal use of the agency's expertise and experience.'" *Id.* (quoting *United States v. Henderson*, 416 F.3d 686, 691 (8th Cir. 2005)).

In *Henderson*, the defendant was convicted of wire fraud, concealment from the SSA, and making false statements to the SSA.  416 F.3d at 690.  The defendant sought and received SSDI benefits claiming an inability to work as a result of a car accident and yet competed in and won beauty pageants (including making over 200 appearances as Mrs. Minnesota), traveled internationally, worked for her husband's business, operated two businesses out of her home, and had numerous cosmetic consultations, never alerting her doctors to any serious medical conditions.  *Id.*  On appeal, the defendant argued that her case should have been deferred to SSA because SSDI eligibility is a complicated, regulatory issue requiring agency expertise.  *Id.* at 691.  In rejecting this argument, the Eighth Circuit noted that the jury was not asked to measure defendant's eligibility against SSA's regulations, but to decide whether she misrepresented or omitted material facts to SSA.  *Id.*  The Eighth Circuit pointed out that defendant "cit[ed] no statute or precedent that entitles a defendant to an administrative resolution before a criminal prosecution (even if the defendant might obtain a favorable agency decision)" and that "a district court certainly has jurisdiction of a prosecution for social security fraud," noting that "[d]espite SSA's comprehensive regulatory scheme, Congress explicitly made it a crime to conceal material facts from, or make false representations, to SSA."  *Id.* (citing 42 U.S.C. § 408(a)(3), (4)).

Here, the jury in Morris's case was not asked to measure eligibility or standard of

care against the various agencies' regulations, but to decide whether he violated certain criminal statutes.  Like the defendant in *Henderson*, Morris cites no statute or precedent that entitles a defendant to an administrative resolution before a criminal prosecution and the Court finds that it was within the province of the government to prosecute the crimes of which Morris was charged, despite the regulatory scheme of the involved agencies.

3.

The Court now turns to Morris's ineffective assistance claims against trial and appellate counsel.  To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance, and 2) he suffered such prejudice stemming from the deficient performance there is a reasonable probability that the proceeding would have had a different result.  *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) (citation omitted).  To establish ineffective assistance of appellate counsel, a defendant must show 1) his appellate counsel's performance fell below an objective standard of reasonableness, and 2) the deficient performance prejudiced his defense.  *Id*. at 1253.

i.

Morris first argues that trial and appellate counsel were ineffective for not moving to dismiss the indictment on grounds it violated the statute of limitations.  This argument is without merit as the Court has already determined that none of the charges of which Morris was convicted violated the applicable statute of limitations.

-16-

ii.

Morris next argues that trial and appellate counsel were ineffective for not seeking severance of the fraud and tax counts "where the proof was such that a jury could not be expected to compartmentalize the evidence as it related to the complicated and confusingly separate charges in the indictment."  This argument is without merit as Morris's severance argument was considered and rejected by the Eighth Circuit on direct appeal.  *Morris*, 723 F.3d at 941.  Regardless, the Federal Rules of Criminal Procedure permit separate offenses to be joined for trial when the offenses are "of the same or similar character, ... or are connected with or constitute parts of a common scheme or plan," Fed.R.Crim.P. 8(a), and the Eighth Circuit has already determined that the charges of which Morris and his wife were indicted were "for a series of related fraudulent actions and were alleged to have participated in a cooperative scheme to defraud various federal agencies."  *Morris*, 723 F.3d at 941.  Morris has not in any way shown that the jury was unable to consider each offense separately and that he was prejudiced by the joinder of offenses.  See Fed.R.Crim.P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires"); *United States v. Wilkens*, 742 F.3d 354, 358 (8th Cir. 2014) ("Severance is appropriate if there is 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'").  Accordingly, Morris has not

shown that counsel were ineffective in failing to seek severance of the fraud and tax counts.

iii.

Morris next argues that counsel failed to investigate and argue the differing standards for assessing disability under the VA and SSA schemes which would have led to him facing civil liabilities regarding the conduct for which he was convicted rather than facing criminal prosecution.  This argument is without merit as the Court has already found that it was within the province of the government to prosecute the crimes of which Morris was charged, despite the regulatory scheme of the involved agencies.

iv.

Morris next argues that counsel were ineffective for not challenging the Court's alleged failure to properly apply the version of the Sentencing Guidelines in effect at the time of his offense.  This argument is without merit as the Court has already determined that application of the 2010 version of the Sentencing Guidelines to Morris's crimes was permissible under the Sentencing Guidelines and did not violate the *Ex Post Facto* Clause.

v.

Finally, Morris argues that counsel were ineffective for not challenging the Court's alleged failure to distinguish between the loss calculation and restitution amount for purposes of determining his applicable sentencing guideline range.  This argument is

without merit as the Court determined the actual loss to the victim agencies and did not

include any amount in excess of the actual loss as part of the basis for calculating the

applicable sentencing guideline range or for determining the appropriate order of

restitution.

IV.

One final matter concerns whether a certificate of appealability should issue.  In

order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a

certificate of appealability.  28 U.S.C. § 2253(c)(1)(B)).  District courts customarily

address this issue contemporaneously with the order on the motion.  *Ervin v. United*

*States*, Civ. No. 6:13-cv-5103, Crim. No. 6:11-cr-5046, 2014 WL 856526, *6 (W.D. Mo.

March 5, 2014) (citation omitted).

To obtain a certificate of appealability on claims for § 2255 relief, a movant must

make "a substantial showing of the denial of a Constitutional right."  28 U.S.C. §

2253(c)(2).  A substantial showing is a showing that the issues are debatable among

reasonable jurists, a court could resolve the issues differently, or the issues deserve

further proceedings.  *Carson v. Director of the Iowa Dept. of Correctional Services*, 150

F.3d 973, 975 (8th Cir. 1998).  In the present case, the Court determines that the issues are

not debatable among reasonable jurists, a court would not resolve the issues differently,

and the issues do not deserve further proceedings.  Accordingly, the Court declines to

issue a certificate of appealability.

V.

For the foregoing reasons, the Court denies James Bruce Morris's motions [doc.#'s 125, 129] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 6th  day of June 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE